

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ELAINE BLAKE and CASH IN A FLASH
CHECK ADVANCE OF WEST MEMPHIS            PLAINTIFFS

V.            NO. LR-C-99-621

JOANN C. QUIRK, ET AL.            DEFENDANTS

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Now come the defendants, by and through the undersigned counsel, and moves the Court to grant their Motion to Dismiss, on the following grounds:

## INTRODUCTION

Plaintiffs filed the above styled lawsuit alleging that on August 27, 1999, Plaintiffs received a fax from Defendant Quirk indicating that the Arkansas State Board of Collection Agencies received information that Plaintiffs were operating their check cashing business improperly. The fax indicated that such operation could place plaintiffs' check cashing license in jeopardy and that plaintiff's should cease and desist all deferred presentment activity until further notice. The fax also stated that Plaintiffs should contact Defendant Quirk if they had questions regarding the fax. Plaintiffs allege that they ceased their deferred presentment activities on August 30, 1999, the date on which they filed this lawsuit.

Plaintiffs allege that Defendant Quirk's fax deprived them of a property interest in violation of their right to due process under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Plaintiffs immediately sought a temporary restraining order or preliminary injunction enjoining Defendants from enforcing any provisions of the fax, declaring the fax to be without effect, enjoining Defendants from issuing any further directives unless done pursuant to statutory law and enjoining Defendants from requiring adherence to any

1

regulations adopted outside of the Arkansas Administrative Procedures Act. On August 30, 1999, after a hearing before the Court, the Court issued a preliminary injunction enjoining defendants from sending Plaintiffs any further cease and desist directives until resolution of the case on the merits. Plaintiffs seek further relief in the form of declaratory relief, permanent injunctive relief and monetary damages. Plaintiffs, however, are not entitled to any relief in this matter because Defendants are immune from suit and Plaintiffs fail to state a claim upon which relief may be granted.

## ARGUMENT

### *Failure To State A Claim*

Under Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957)). The converse is also true. If a plaintiff "can prove no set of facts in support of his claim which would entitle him to relief," the claim should be dismissed. Assuming, for the purposes of this motion only, that Plaintiffs' allegations are true, Plaintiffs' complaint still fails to state a claim against Defendant upon which relief may be granted. First, Defendants are immune from the suit in their official capacities pursuant to the Eleventh Amendment to the United States Constitution. Second, Defendant Quirk is entitled to qualified immunity from the suit in her individual capacity. Finally, Plaintiffs failed to state a claim upon which relief could be granted. As a result, Plaintiffs can prove no set of facts entitling them to relief against Defendants and Plaintiffs claims against Defendants must be dismissed.

*Immunity Issues*

**PLAINTIFFS' § 1983 CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE BARRED BY SOVEREIGN IMMUNITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

The Eleventh Amendment to the United States Constitution bars any suit brought in federal court by an individual against a state. *Seminole Tribe of Florida v. Florida*, 116 S.Ct. 1114, 1122 (1996). This bar is absolute and can only be overcome in two circumstances: (1) if a state waives its sovereign immunity and consents to being sued in federal court, or (2) if Congress, through legislation, abrogates the state's immunity in order to effectuate the provisions of the Fourteenth Amendment to the United States Constitution. *Atascadero State Hosp. v. Scanlon*, 105 S.Ct. 3142, 3145 (1985). A state employee acting in his or her official capacity enjoys the same Eleventh Amendment protection against suit as does the state itself. *Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304, 2311 (1989).

In the present case, Plaintiffs have named the Arkansas State Board of Collection Agencies (hereinafter "Board"), the board members and the executive director of the board. Specifically, Plaintiffs have named the executive director, JoAnn Quirk, in her official and individual capacities. Because Plaintiffs have not pled to the contrary, it is assumed that they are naming the board members in their official capacities only.

At all times relevant to this case, Defendant Quirk was an employee of the Board, and the defendant board members were all members of the Board. The Board is an agency of the State of Arkansas and as such, the Board and the individual named defendants are entitled to the protection of the Eleventh Amendment. Considering these facts, Plaintiffs' § 1983 action against Defendants in their official capacities is barred. First, the State has not waived its immunity with regard to § 1983 lawsuits, and nowhere has Plaintiff pled to the contrary. *See Burk v. Beene,*

948 F.2d 489, 493 (8th Cir. 1991). Second, Congress did not abrogate Eleventh Amendment sovereign immunity when enacting § 1983. *Quern v. Jordan*, 99 S.Ct. 1139, 1146 (1979). Furthermore, in *Howlett ex rel. Howlett v. Rose*, the United States Supreme Court definitively concluded that "an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." 110 S.Ct. 2430, 2437 (1990). Because the Defendants enjoy absolute immunity in their official capacities, Plaintiffs' § 1983 action against them should be dismissed.

### DEFENDANT QUIRK IS ENTITLED TO QUALIFIED IMMUNITY IN HER INDIVIDUAL CAPACITY

Plaintiffs have also named Defendant Quirk in her individual capacity. State government officials who are sued in their individual capacities are entitled to qualified immunity from suit when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2738 (1982). Explaining the purpose of qualified immunity, the United States Supreme Court recognized that permitting damages suits against government officials could entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties. *Id.* at 2736. The Court further held that the public interest demands that a trial court denial of qualified immunity is immediately appealable. *Mitchell v. Forsythe*, 105 S.Ct. 2806, 2815 (1985).

In determining whether a government official is entitled to qualified immunity, a court must consider whether, "in view of the facts . . . deemed sufficiently supported for summary judgment purposes, the individual defendants' conduct was objectively reasonable given their knowledge and the clearly established law." *Allison v. Dept. of Corrections*, 94 F.3d 494, 496 (8th Cir. 1996). The qualified immunity analysis involves more than merely determining whether the law that governs a plaintiff's claim is "clearly established." *Miller v. Schoenen*, 75

F.3d 1305, 1308 (1996). It also requires a court to "examine the information possessed by the government official accused of the wrongdoing in order to determine whether, given the facts known to the official at the time, a reasonable government official would have known that his actions violated the law." *Id.* at 1308 (*citing Reece v. Groose*, 60 F.3d 487, 489 (8th Cir. 1995); *Anderson v. Creighton*, 107 S.Ct. 3034, 3039 (1987)).

In the present case, Plaintiffs allege that Defendant Quirk deprived Plaintiffs of their property interest in violation of the Plaintiffs' Fourteenth Amendment right to due process and 42 U.S.C. § 1983. The crux of Plaintiff's federal claim is that Defendant Quirk acted outside the scope of "The Check-cashers Act", Act 1216 of 1999, by issuing Plaintiffs a cease and desist letter. Act 1216 was passed in April of 1999 and it became Defendant Quirk's responsibility as executive director of the Board to ensure that establishments regulated by the Act were in fact complying with the Act. In light of Defendant Quirk's responsibilities and the newness of the Act, Defendant Quirk had no idea that she could be violating Plaintiffs' federally protected rights by issuing the cease and desist letter. Based on Defendant Quirk's knowledge of the Act, she simply sought to inform Plaintiffs that operating in violation of the Act placed their license at risk for disciplinary action and such unlawful activity should cease if it was in fact occurring. Defendant Quirk's actions did not violate the law and she had no reason to suspect that her actions might violate the law. Furthermore, given the information that Defendant Quirk possessed at the time, a reasonable person would not have known that such actions could violate the law. As a result, Defendant Quirk is entitled to qualified immunity in her individual capacity from Plaintiffs' claims, and therefore, not subject to punitive damages.

### *Substantive Issues*

## PLAINTIFFS HAVE FAILED TO STATE FACTS SUFFICIENT TO DEMONSTRATE THAT DEFENDANTS VIOLATED THEIR CIVIL RIGHTS UNDER 42 U.S.C. § 1983

Even if Defendants are not immune from Plaintiffs' § 1983 action, Plaintiffs must prove two elements in order to maintain a § 1983 action: (1) "the conduct complained of was committed by a person acting under color of state law" and (2) "the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Thomas v. Gunter*, 32 F.3d 1258, 1259 (8th Cir. 1994)(quoting *Parratt v. Taylor*, 101 S.Ct. 1908, 1913 (1981)).

In the present case, the first element is met because the defendants are a state board, its board members and a state employee all of whom were performing activities as such actors. Regarding the second element, Plaintiffs allege that the actions of Defendant Quirk violated their due process rights under the Fourteenth Amendment. To maintain an action for violation of due process, Plaintiffs must demonstrate (1) they have a "protected property interest at stake" and (2) they were "deprived of such an interest without due process of law." *Marler v. Missouri State Bd. of Optometry*, 102 F.3d 1453 (8th Cir. 1996)(internal citations omitted). "Due process requires adequate notice and an opportunity to be heard." *Id.*

Plaintiffs allege that the fax sent to Plaintiffs by Defendant Quirk deprived them of their property interest without due process of law. Plaintiffs have offered no evidence to support this argument. Defendant Quirk's letter simply informed Plaintiffs that the Board had received information that Plaintiffs were operating their business unlawfully, that such activity placed their license in jeopardy and that such activity should cease and desist. Defendants did not attempt to suspend, revoke or discipline Plaintiffs' license in any way. Defendants did not deprive Plaintiffs of any property right in this instance because they never actually imposed any

6

discipline on Plaintiffs or even attempted to impose any discipline on Plaintiffs. As a result, Defendants did not violate Plaintiffs' right to due process.

## CONCLUSION

WHEREFORE, Defendants request the court to dismiss this action with prejudice and to be awarded their costs, and all other just and proper relief.

Respectfully Submitted,

MARK PRYOR
Attorney General

By: /s/ Sherri L. Robinson

SHERRI L. ROBINSON
Ark. Bar No. 97194
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201-2610
(501) 682-2007

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Sherri Robinson, Assistant Attorney General, do hereby certify that I have served the foregoing document on Plaintiffs by mailing a copy of same by U.S. Mail, postage prepaid, this ____ day of September, 1999 to:

Mr. Alan G. Crone
CRONE & MASON, PLC
8 South Third, Fifth Floor
Memphis, TN  38103

SHERRI L. ROBINSON